ALLEN C. MATHEWSON & others vs. JONATHAN B. ALLEN.

Complainants and defendant formed a partnership to set up a flour mill in W. and bought machinery for it. The project was afterwards abandoned, and it was agreed that defendant should take the property at cost, provided he should use it in business in W. He gave up entering into business and sold the property, and rendered an account, accounting for a sale of an engine and boiler at $4,000, whereas it appeared that he sold them to one P. with the understanding that P. should resell them and divide the profits with him, and P. afterwards sold them for $5,250, and divided the profits. *Held*, that defendant held said property as trustee and agent of the complainants, and must account for the profits made on such sale.

BILL IN EQUITY to obtain an account. The case was heard on exceptions to the master's report. The facts of the case are stated in the opinion of the court.

*B. F. Thurston & John D. Thurston*, for the complainants.

*Browne*, for the respondent.

POTTER, J. The complainants and defendant formed a partnership in March, 1864, to set up a mill in Warren, and bought machinery, &c., for it. The project was subsequently abandoned, and it was agreed that the defendant should take the property at cost, provided he should use it in business in Warren, the complainants being willing to do this for the benefit of their town; but the defendant gave up entering into manufacturing business in Warren, and sold the property. He rendered an account on October 1st, 1864, wherein he credited a sale of an engine and boiler for $4,000, — whereas the complainants allege that on the 11th July he made a pretended sale of them to one Pike for the sum of $4,000, but with the understanding that Pike should resell and divide the profits with him; that Pike, the next day, sold the engine for $4,000, and on October 26th sold the boiler for $1,250, and that they divided the profits. And that although the defendant rendered a subsequent account in December, 1864, he did not account for these profits. The complainants claim an account of all the profits so made, &c.

The respondent claims that before the sale to Pike he had offered these articles to several parties and to the complainants themselves, for $4,000, and that he took this way as the only way to realize something for the property, by availing himself of Mr. Pike's skill and knowledge of machinery.

A decree was entered that the complainants were entitled to an account relative to the matter set forth in said bill, and the cause was referred to Hon. John P. Knowles, as master, to take an account of all moneys received by defendant from any sales of the company property, and all profits received by him therefor ; of all moneys paid out by him for labor, services, &c. ; and also to report what, in the opinion of the master, defendant was entitled to charge for his commissions, services, and labor, both as agent and in the management and disposal of the property ; also to state the value of another lot of property sold to Rider & Allen, a firm of which defendant was a member.

Subsequently the parties in writing waived any report upon the items of the decree, and agreed that the master might report only the amount due from the defendant, and he accordingly reports that nothing is due.

To this report the complainants except that the report is first against the evidence, and second, against the law ; that the defendant stood in a fiduciary relation to the complainants, and was bound to account to them for all the profits he made out of the business.

The master having simply reported nothing due, we are therefore left to gather the items from the other papers, and from the admissions, &c., in the argument.

The claim of the complainants before the master consisted of three items.

First, that the respondent's charge for salary and compensation should be rejected.

Second, that the respondent should be held to account for the profit made on a sale to Rider & Allen, a firm of which respondent was a member.    This sale was one sale but of a number of articles.

Third — and this forms the principal item and subject of contention — the complainants contend that the respondent received $517.76, as his share of the profits of the sale of the boiler and engine over the sum of $4,000 — the price for which he accounted.

There can be no doubt that the defendant stood in a fiduciary relation to the complainants.    The property was in his hands as their agent or trustee.    And an agent or trustee must always be

held to manage the property for the benefit of the owners. He cannot be allowed to make any profit for himself directly or indirectly by any pretended sale to himself or otherwise. He must be held responsible to the owners for all profits he makes; and he cannot use it in trade or speculation or in his own business, without being liable for all losses that may occur from it, as well as for all profits he may make.

These rules are established for the protection of trust property and to secure the honesty of trustees and agents, and to guard them from temptation. And they must be adhered to, like principles of law, although they may operate harshly sometimes. Equity has its fixed rules as well as law. The respondent therefore is to be held to account for the profits made.

But the respondent claims allowance for $150 paid for expenses of moving machinery, $60 for compensation, $18.50 for road expenses, and $34.66 for interest: although the respondent may not have acted strictly according to the principles which should govern cases of agency, yet as the complainants do not charge actual fraud or any intention to cheat or swindle, we think he should be allowed his reasonable charges for these objects, to be deducted from the profit he actually received on this transaction.

The sale to Rider & Allen was one sale but of several articles. One of these articles was afterwards sold by them at a profit of $62, but on the whole there was a loss. And the respondent contends that the loss on this trade was so large that taking all the transactions together, engine, boiler, and all, with the other allowances he claims, the balance would be in his favor. From the statements made in argument, it could only be on this view that the master reported nothing due the complainants. But we think this sale to Rider & Allen is to be treated as one sale, and entirely distinct from the sale of the boiler and engine. They took the articles at a fixed price, and if they have lost, Allen cannot now charge it to the complainants. It was also referred to the master to report whether the sale to Rider & Allen was for a fair value. He has not reported it, but as the counsel made no point of this in argument, we have not noticed it.

The respondent is therefore held to account for the profit made on the sale of the engine and boiler, and if the parties cannot

agree about the proper amount to be allowed the respondent in deduction, the cause must be sent to the master to ascertain and report upon them. *Decree accordingly.*